1

2

3

4

5

6

7                              **UNITED STATES DISTRICT COURT**

8                                    **DISTRICT OF NEVADA**

9

10    TYRONE L. GARNER,                    )
                                           )          3:03-cv-00315-ECR-VPC
11                  Petitioner,            )
                                           )          **ORDER**
12    vs.                                  )
                                           )
13    CRAIG FARWELL, *et al.*,             )
                                           )
14                  Respondents.           )
      ─────────────────────────────────/

15

16            This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

17    brought by petitioner, Tyrone L. Garner.  Before the Court is petitioner's Motion for Leave to File

18    Excess Pages (ECF No. 77), which is accompanied by petitioner's Amended Petition and Exhibits in

19    Support (ECF No. 77-1 and 77-2), and respondents' Motion to Dismiss the Amended Petition

20    (MTD3)[1] (ECF No. 79), which is fully briefed.  The motion for leave to file shall be granted and the

21    amended petition shall be filed.  As discussed below, the motion to dismiss shall be granted in part

22    and denied in part.

23    /      /      /

24    ───────────────────────

25            [1] The court's record indicates that three separate motions to dismiss have been filed by
      respondents in this action.  The first, MTD1 is filed at ECF No.18; the second, MTD2 is filed at ECF
26    No. 40 and the instant motion, MTD3 is found in the record at ECF No. 78.  The Court shall identify the
      motions in this fashion.

1    **I.      Procedural History**

2           A.      <u>State Court Proceedings</u>

3                   Garner was convicted in Nevada's Eighth Judicial District court, in 2000, of robbery,

4    conspiracy to commit robbery, burglary while possessing a deadly weapon, and first degree

5    kidnaping and first degree murder, each with the use of a deadly weapon.  Exhibit A.[2]  Petitioner was

6    sentenced to various consecutive terms of imprisonment, including life sentences with the possibility

7    of parole after serving a minimum of seventy years in prison.  *Id.*

8                   Petitioner appealed the conviction, attacking the sufficiency of the evidence against

9    him, several of the jury instructions and the admission of certain evidence and arguments during

10   trial.  Exhibit B1.  The Nevada Supreme Court upheld the conviction in *Garner v. State,* 116 Nev.

11   770, 6 P.3d 1013 (2000).

12                  Next, petitioner brought claims in a state court post-conviction petition.  Exhibit C.

13   The petition was denied by the trial court on February 6, 2002.  Exhibit D.  Denial was affirmed by

14   the Nevada Supreme Court on March 21, 2003.  *See* Exhibit 1.

15          B.      <u>Federal Proceedings</u>

16                  Petitioner originally filed his petition for writ of habeas corpus pursuant to 28 U.S.C.

17   § 2254 on June 10, 2003, raising twenty-five grounds for relief.  ECF No. 6.  Following litigation of

18   a motion to dismiss (MTD1), the Court determined that grounds 6-12, 15-20, and 23-25 were

19   unexhausted. ECF No. 24.  Petitioner was given the option to dismiss the unexhausted grounds and

20   proceed or dismiss the entire petition without prejudice in order to return to state court to exhaust.

21   *Id.*  Petitioner was denied reconsideration of this order and appealed to the Ninth Circuit. ECF No.

22   55.  However, the appeal proceeding was terminated when petitioner sought leave to file an amended

23   _____

24          [2] The alphabetical exhibits referenced in this order were submitted by the respondents in support
     of their original motion to dismiss, and are found in the Court's record with that motion at ECF No. 18.
25   The numerical exhibits were provided by petitioner in support of his opposition to the Motion(s) to
     Dismiss and are found at ECF No. 20 or were attached to petitioner's original Petition for Writ of
26   Habeas Corpus found at ECF No. 6, unless otherwise identified.

1   petition presenting only the exhausted claims (ECF No. 36) and filed a declaration abandoning the

2   unexhausted claims (ECF No. 37).  Thereafter, respondents filed an Answer addressing the merits of

3   the claims (ECF No. 46) which petitioner Traversed (ECF No. 49).

4          An Order and Judgment on the merits was entered on September 27, 2006.  ECF Nos.

5   52 and 53.  Petitioner filed a notice of appeal and then a motion to amend or correct the Order.  ECF

6   Nos. 55 and 59.  Before that motion was decided, petitioner filed a motion for stay and abeyance

7   arguing that a recent change in Nevada law disavowing the doctrine of natural and probable

8   consequences called his convictions into question.  The Court agreed and vacated the previously

9   entered order and judgement, permitting petitioner to return to state court to present his claims to the

10  state courts.  ECF No. 65.

11         After petitioner completed his second foray into state court he moved to reopen these

12  proceedings and file an amended petition.  ECF No. 68 and 77.  Respondents have filed their third

13  motion to dismiss (MTD3) in response to the amended petition.  ECF No. 78.  The motion argues

14  that the petition contains unexhausted and procedurally defaulted claims for relief.  *Id.*  Petitioner

15  opposes the motion (ECF No. 83).  Respondents did not reply.

16  **II.     Legal Standards**

17         A.     Exhaustion

18         Before a federal court may grant habeas relief to a state prisoner, the prisoner must

19  exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838,

20  842, 119 S.Ct. 1728, 1731 (1999).  Section 2254(c) requires only that state prisoners give state courts

21  a fair opportunity to act on their claims. *See Castille v. Peoples*, 489 U.S. 356, 351, 109 S.Ct. 1056

22  (1989); *Picard v. Connor*, 404 U.S. 270, 275-276, 92 S.Ct. 509 (1971). To fairly present a federal

23  claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the

24  United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529

25  U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66.  The petitioner must make the federal nature

26

of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). Additionally, a pro se petitioner may exhaust his claim by citing to state case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue").

      B.   <u>Procedural Default</u>

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). Procedural default refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds rather than denying the claim on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner*, 328 F.3d at 1046.

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). *See also Calderon v. United States District Court (Bean)*, 96 F.3d

4

1  1126, 1129 (9th Cir. 1996).

2  **III.    Discussion**

3          A.    Exhaustion

4                **(i)    Ground 1**

5                In this ground for relief, petitioner argues that his right to effective assistance of

6  counsel, guaranteed by the Sixth and Fourteenth Amendments, was violated where counsel "allowed

7  the Indictment to proceed without challenging the fact that there was virtually no way to legally

8  prepare a defense to the charge of 'conspiracy.'"   *See* Amended Petition (ECF No. 77-1), pp. 25-29

9  (hereafter "Petition").   Petitioner goes on to allege that the Nevada conspiracy statute is

10 unconstitutionally vague and that the lack of definition prevents legitimate adversarial testing of the

11 allegations or the proof thereof.

12               Respondents contend that ground one of the Amended Petition is unexhausted.

13 Petitioner argues the ground was exhausted in his original petition for post-conviction relief in state

14 court.   A review of ground three of the state post-conviction petition, which is where petitioner

15 contends this claim was presented to the state courts, reveals that petitioner claimed the statute was

16 unconstitutionally vague, but made no allegations that counsel was ineffective.   *See* MTD1, Exhibit

17 C, pp. 4129-4138 (ECF No. 18-2622702, at 125-132.)[3]   The Court notes, however, that petitioner

18 alleged in ground five, subpart 4 of the state post-conviction petition that counsel was ineffective for

19 allowing the verdict on the charge of conspiracy to proceed to judgment without objection. *See,*

20 MTD1, Exhibit C, pp. 4170-4172 (ECF No. 18-2622702 at 164-166).   Upon review of the petition,

21 the trial court, in its order denying relief, identified the claim as an allegation that "counsel failed to

22 move to dismiss the charges as unconstitutionally vague."   MTD1, Exhibit D, p. 4.

23               In his opening brief on appeal from the denial of his post-conviction petition,

24

25        [3] Assuming that petitioner does not have access to a copy of digital versions of the Court's
   record, the page citations referenced will be to the page number at the bottom of the document as well
   as the ECF document page number.

26

petitioner argued that the conspiracy statute, which contained no definition of the elements of the crime, was unconstitutional and that "(f) Counsel was ineffective for failing to move for dismissal of charges alleged in the Indictment against Garner; and (g) Counsel was Ineffective for proceeding to Trial and agreeing on Jury instructions for Conspiracy that does not exist in any Nevada Legislative Statute." *Id.* exhibit G, p. 29. These contentions were in support of his argument that the crime of conspiracy is not properly defined by statute, that the Nevada Supreme Court cannot create such a definition judicially due to the separation of powers clause, and that counsel should have objected to the charge. *See id.,* pp 28-29. The Nevada Supreme Court denied petitioner relief on his claims of ineffective assistance of counsel, including this contention that counsel should have moved to dismiss the conspiracy charges. Petitioner's Exhibit D, p. 4 (ECF No. 77-2, p. 30).

Thus, ground one of the Amended Petition has been exhausted through presentation of the claim to the Nevada Supreme Court on appeal from denial of petitioner's post-conviction review. *Luna v. Cambra* 306 F.3d 954, 965 (9TH Cir. 2002) as amended by 311 F.3d 928 (9th Cir. 2002); *Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir.2000) (per curiam).

**(ii)     Ground 11**

Ground eleven claims that petitioner was denied due process because the state court conviction was based on insufficient evidence. Petitioner contends that without evidence that he actually entered the bar, collected money in the bar, contacted the victim or participated in her kidnaping or murder, the state could not prove its case against him. He further argues that a theory of conspiracy or aiding and abetting the principal actor in the crimes is insufficient without actual evidence of any agreement between the two men.

Respondents argue that ground eleven is "mostly unexhausted", noting that petitioner did bring a claim that there was insufficient evidence "vis-a-vis the conspiracy element to prove liability as a co-conspirator and aider and abettor under the felony murder rule." Motion to Dismiss (MTD3) (ECF No. 78), p. 10. They further argue that the instant claim is ambiguous on "this point,"

1    making it unexhausted as to a general claim of insufficient evidence.

2            Having reviewed the opinion of the Nevada Supreme Court on direct appeal, this

3    Court finds that the claim is exhausted.  *See* Petitioner's Exhibit L, pp. 6-9.  The Nevada Supreme

4    Court recognized petitioner's claim as follows:

5            Garner points out that there is no evidence that he directly
             committed the burglary, robbery, kidnapping, or murder.  He also
6            contends that there is no evidence that he conspired with Randolph
             to commit the crimes of that he knew Randolph's intentions.
7

8    *Id.*  These are the very allegations presented to this Court in this ground for relief.  Thus, the Nevada

9    Supreme Court has taken its full opportunity to review and address this claim.  Ground eleven shall

10   proceed as set forth.

11                    **(iii)      Ground 18**

12           Ground eighteen claims that petitioner received ineffective assistance of counsel

13   where counsel failed to object to the grand jury indictment, because the indictment failed to list the

14   charge of conspiracy separately, improperly combining two crimes into one when it charged

15   petitioner with conspiracy to commit robbery.

16           Petitioner alleges this claim was exhausted in claim one of his first post-conviction

17   proceedings.  However, nowhere in that claim does petitioner assert that counsel was ineffective for

18   failing to object to the indictment.  Ground eighteen is unexhausted and will be dismissed.

19           B.      Procedural Default

20           Respondents next argue that grounds 2, 5-9 and 13 are procedurally barred from

21   federal review because petitioner presented the claims for the first time to the state court in his

22   second post-conviction petition where they were held to be defaulted. A claim denied by a state court

23   on the basis of a state procedural rule that is independent of the federal question and adequate to

24   support the decision is procedurally barred from this Court's review.  *Colman,* 501 U.S. At 750.

25   /      /      /

26

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

(i)      **Adequate and Independent State Law Grounds**

In reviewing the second state petition on appeal, the Nevada Supreme Court determined that the claims were untimely and successive and that petitioner had failed to show cause or prejudice to overcome the procedural bar because he waited more than five years after the decision in *Sharma v. State,* which brought about a change in the law potentially applicable to petitioner's case. 188 Nev. 648, 56 P.3d 868 (2002); *see* MTD3, Exhibit H.  As to grounds 2, and 5-8, petitioner does not contest the respondents' suggestion that the grounds were first presented in his second state post-conviction petition or that the Nevada Supreme Court denied relief on a state law basis.  Rather, he offers arguments to overcome the procedural bar.

NRS 34.810 has been held to be an independent and adequate state procedural rule that will bar federal review.  *See Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207 (9th Cir. 1999).  As this and other closely related state statutes were applied by the Nevada Supreme Court in its denial of relief, this Court finds the grounds were procedurally barred from federal review absent a persuasive showing of cause and prejudice or actual innocence on petitioner's part.

(ii)     **Cause and Prejudice**

a.      Grounds 2, 5, 6, 7 and 8.

Initially, the petitioner notes that grounds two and five through eight must be considered separately from grounds nine and thirteen.

Petitioner argues that the state court's denial of his second petition, which contained these grounds, was improper because this Court had given him leave to return to state court to litigate his claims.  However, this argument is misplaced.  This Court's grant of a stay and abeyance of the federal proceedings to permit a petitioner to return to state court to exhaust his claims is no guarantee, and certainly no dictate, that the state court will entertain the merits of the claims.  Rather, it is merely an avenue available to the petitioner that gives the state court the opportunity to do so.

1   If, instead, the state court exercises its right to enforce procedural rules to deny relief, that is the state

2   court's prerogative.  *See Coleman,* 501 U.S. at 750; *see also Lambrix v. Singletary,* 520 U.S. 518,

3   523 (1997); *Reed v. Ross,* 468 U.S. 1, 10-11 (1984).

4         Next, petitioner argues that the grounds for relief related to the *Sharma* and *Bolden*[4]

5   holdings of the Nevada Supreme Court warrant review of the claims he presents because of the

6   change in Nevada law which addresses the burden of proof required for his conviction for burglary

7   and murder.  He argues that the holding of *Sharma* should be applied to his conviction where

8   *Mitchell v. State,* 122 Nev. 1269, 149 P.3d 33 (2006), made *Sharma* applicable to cases that were

9   final at the time of its decision in 2002; specifically, his case.

10        In *Sharma v. State,* the Nevada Supreme Court "disavowed and abandoned" the

11  "natural and probably consequences doctrine" which permitted a conviction for an unintended, but

12  foreseeable specific intent crimes under the theory of aiding and abetting that crime.  *Id,* 118 Nev. at

13  655, 56 P.3d at 872.  Petitioner was convicted under that now disavowed doctrine.  *See Garner v.*

14  *State,* 116 Nev. 770, 6 P3d 1013 (2000)*.*  After *Sharma,* the State of Nevada is required to present

15  evidence to support a finding that the co-conspirator or aider and abettor had the specific intent that

16  the crimes be committed.  *Sharma* overruled the court's holding otherwise in *Garner*.  *Sharma,*118

17  Nev. at 655, 56 P.3d at 872.

18        Petitioner argues that his case is the same as *Mitchell,* and his untimely petition

19  should not be procedurally barred.  In *Mitchell,* the Nevada Supreme Court recognized that

20  conviction of a person that was actually innocent would amount to a miscarriage of justice, sufficient

21  to overcome procedural bars to that individual's untimely or successive petition.  122 Nev. 1269,

22  1273, 149 P.3d 33, 36 (2006).  And, petitioner points out, even though it had been more than five

23  years since Mitchell's conviction had become final, the Nevada Supreme Court entertained the

24  petition and reversed Mitchell's conviction for attempted murder.  In his case, the Nevada Supreme

25  _____

26        [4] *Bolden . State,* 121 Nev. 908, 124 P.3d 191 (2005).

9

1   Court declined to review petitioner's conviction because it had been more than five years since

2   *Sharma* was decided and more than two since *Mitchell* made it retroactive and applicable to

3   petitioner's case.  Moreover, by the time he brought his claims in the second post-conviction

4   petition, petitioner's conviction had been final for more than seven years.

5            Petitioner's argument that he could not bring the claims to state court until *Mitchell*

6   was decided is unpersuasive.  Mitchell did not wait; he brought his claims as soon as *Sharma* was

7   decided.  That diligence benefitted him, while petitioner's delay did not.  Petitioner's argument that

8   it is the state court's obligation to revisit his conviction without motion or request from him are also

9   unpersuasive.  Once a judgment of conviction is entered, the burden falls on the appellant/petitioner

10  to bring his issues or claims to the court in an expeditious and complete manner.  *See* 28 U.S.C. §

11  2254; *see also Sanders v. U.S.,* 373 U.S. 1, 17-18, 83 S.Ct. 1068, 1078 (1963); *Johnson v. Zerbst,*

12  304 U.S. 458, 148, 58 S.Ct. 1019, 1024 (1938) (It is presumed the proceedings were correct and the

13  burden rests on the accused to show otherwise).  It is not the court's obligation to take corrective

14  actions in a case that is not properly before it.

15           Petitioner also argues that he was busy litigating his claims in this court and it is

16  unreasonable to expect him to "drop everything in federal court" to relitigate the claims in state

17  court.  It appears that it is exactly what the state court would have had petitioner do, and such an

18  expectation is not unreasonable.  Petitioner was aware that he was required to present his claims to

19  the state court before the federal court could properly entertain them.  He was aware of the change in

20  the law brought about my *Sharma*.  Yet, he failed to take his claims to the state court when he knew

21  of them, waiting for a directive from this Court on how to proceed.[5]  Such a course of action did not

22  serve petitioner well.  However, it was his course to choose.  Petitioner has failed to overcome the

23  procedural bar to the Court's review of grounds two and five through eight.

24

25           [5] Nothing prevented petitioner from continuing his federal litigation while presenting his *Sharma*
    claims to the state court.

26

1          (b)     Grounds 9 and 13

2          Petitioner argues that his claims in ground nine and thirteen fall under a different

3    analysis.

4          As to ground nine, petitioner argues that his presentation of the claim in a petition for

5    extraordinary relief, which he filed directly with the Nevada Supreme Court, exhausted that claim

6    and met the procedural requirements thereof.  The claim is presented in that petition, which was filed

7    with the Nevada Supreme Court on July 11, 2003.  Petitioner's Opposition to MTD1 (ECF No. 20),

8    Exhibit 2.  In denying relief, the Nevada Supreme Court stated:

9               This is a proper person petition for an extraordinary writ.
             Petitioner challenges the validity of his judgment of conviction.  We
10           have considered the petition on file herein, and we are not satisfied
             that this court's intervention by way of extraordinary relief is
11           warranted at this time. [fn. 1: *See* NRS 34.020; NRS 34.160; NRS
             34.170; NRS 34.320; NRS 34.330; NRS 34.738.] Accordingly, we
12              ORDER the petition DENIED. [fn. 2: We have considered all
             proper person documents filed or received in this matter, and we
13           conclude that the relief requested is not warranted.]

14   Petitioner's Opposition to MTD1 (ECF No. 20), Exhibit 3.  He points out that the court's statements

15   in the order denying petition is the same as that contained in other orders wherein this court found

16   the claim to have been fairly presented and decided on the merits.  *See e.g. Blair v. Crawford,* 275

17   F.3d 1156 (9th Cir. 2002) (application for extraordinary writ filed by petitioner with Nevada

18   Supreme Court was "properly filed" for purposes of tolling statute of limitations).

19          However, properly filing a petition for purposes of tolling the statute of limitations is

20   not the same as fairly presenting a claim for purposes of exhaustion.  It is long-established law that a

21   claim is not fairly presented and is not exhausted when a petitioner fails to present the claim in state

22   district court under available state post-conviction procedures and instead presents the claim in an

23   original petition to the state's high court seeking to invoke an extraordinary discretionary

24   jurisdiction. *See, e.g., Pitchess v. Davis*, 421 U.S. 482, 488, 95 S.Ct. 1748, 1752 (1975); *Ex part*

25   *Hawk*, 321 U.S. 114, 116, 64 S.Ct. 448, 449-50, 88 L.Ed. 572 (1944); *Sweet v. Cupp*, 640 F.2d 233,

26

11

238 (9th Cir.1981). *Accord Lindquist v. Gardner*, 770 F.2d 876 (9th Cir.1985). *See also Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) (presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.1994) (applying rule to filing of original petition in state high court).

Thus, even if the claim was originally presented to the Nevada Supreme Court in the petition for extraordinary relief, it was not fairly presented for exhaustion purposes. Ground nine was procedurally defaulted and petitioner has not presented arguments to overcome the procedural bar.

Ground thirteen claims that the jury was improperly instructed in Instruction 10 and 11, which allowed petitioner to be convicted without proof of any specific intent. Petitioner argues that this claim was ground 5 of his petition filed on June 29, 2005, and was ruled on by this Court in an Order dated September 27, 2006. Petitioner is mistaken.

First, the Court notes that ground 5 of the 2005 petition raises an objection only to Jury Instruction number 11 and did not include any reference to Jury Instruction Number 10, as does the instant ground 13. *See* ECF No. 38-2786294, pp 20-22. Second, this Court has vacated the order and its subsequent Judgment (ECF Nos. 52 and 53), which addressed ground 5 of the original amended petition, the ground that attacked only Jury Instruction #11. The Order and Judgment were vacated when petitioner sought a stay and abeyance of these proceeding in order to exhaust his claims in the second post-conviction proceedings. *See* Order dated April 21, 2008 (ECF No. 65). Thus, this Court has not addressed ground thirteen on the merits in a previous order and petitioner's arguments fail.

**III.    Conclusion**

Petitioner's amended petition contains eighteen grounds for relief. Of those, the Court finds that ground eighteen is unexhausted and grounds two, five through nine and thirteen are

12

1  procedurally defaulted.  Petitioner has failed to overcome the procedural bar to this Court's review of

2  those claims and they shall be dismissed from the petition.

3            **IT IS THEREFORE ORDERED** that the Motion for Leave to File Excess Pages

4  (ECF No. 77) is **GRANTED**.  The Clerk shall detach and file the Amended Petition.

5            **IT IS FURTHER ORDERED** The Motion to Dismiss (ECF No. 78) is **GRANTED**

6  **IN PART AND DENIED IN PART.**  Ground eighteen (18) is dismissed from the petition as

7  unexhausted.  Grounds two, five through nine and thirdeen (2, 5-9 and 13) are dismissed from the

8  petition as procedurally barred.  The Court finds that grounds one (1) and eleven (11) are exhausted.

9            **IT IS FURTHER ORDERED** respondents shall have 45 days to file their Answer to

10  the surviving grounds of the amended petition filed pursuant to this Order.  Thereafter, petitioner

11  shall have 45 days to file a reply.

12            **IT IS SO ORDERED.**

13            Dated this 16th day of February, 2012.

14

15

16            _____

17            UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

13